## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS
#### WESTERN DIVISION

_____
|
KEVIN AND JOYCE LUCEY | 
and TRACY LYNN REECE EISWERT | 
individually and on behalf of all others | 
similarly situated, | 
|
         Plaintiffs, |     **CIVIL ACTION NO**.
|     **CLASS ACTION**
|     **JURY TRIAL DEMANDED**
   v. |
|
PRUDENTIAL INSURANCE |
COMPANY OF AMERICA |
|
        Defendant. |
|
_____|

## CLASS ACTION COMPLAINT

Plaintiffs Kevin and Joyce Lucey and Tracy Lynn Reece Eiswert (the "Named Plaintiffs"), on behalf of themselves and all others similarly situated, bring this action as beneficiaries of life insurance and/or traumatic injury insurance policies of the Service Members Group Life Insurance ("SGLI"), the Veterans Group Life Insurance ("VGLI"), and the Traumatic Injury Protection "(TSGLI") to collect monies owed to them by Prudential Insurance Company of America ("PI") the administrator(s) of group life insurance policies created by Acts of Congress for the benefit of beneficiaries of policies of SGLI, VGLI, and TSGLI.

### I.

### THE PARTIES

1. Named Plaintiffs and the members of the Class defined in this Complaint are beneficiaries of the Servicemembers Group Life Insurance Program ("SGLI"), the Veterans' Group Life Insurance Program ("VGLI") and the Traumatic Injury Protection ("TSGLI") created by Acts of Congress of the United States for the benefit of the families of active, inactive or retired members of the United States Armed Forces and/or the families.  The Plaintiffs and the Class received the contractual value of insurance benefits upon the death or traumatic injury of active, deactivated, retired members of the armed forces, and or family members of the active, inactive and/or retired members of the armed forces of the United States. However, they failed to receive from the PI, the administrator of the SGLI and/or VGLI, monies generated by the benefit owed to Plaintiffs and the Class between the time of accrual of the benefit upon the death or traumatic injury of the insured and the time at which the full value of the benefit was eventually paid to Plaintiffs and the Class.

2. The Named Plaintiffs are:

Kevin and Joyce Lucey, adult residents of 476 Michael Sears Road, Belchertown, Massachusetts 01007, and father and mother, respectively, of the late Jeffrey Michael Lucey.  Kevin Lucey and Joyce Lucey were the named beneficiaries of the life insurance policy issued by SGLI for $250,000.00 which was converted upon deactivation from service by Jeffrey Michael Lucey to a VGLI policy.  Jeffrey Michael Lucey died on June 22, 2004, and Kevin and Joyce

received the total amount of $250,000.00 upon a period time encompassing months.  Kevin and Joyce Lucey received $53,000.00 in July of 2004, and the balanced value of the policy or $197,000.00 by March 5, 2009.  PI added an interest of approximately 1% per year to the unpaid balance of the policy at the time of distribution of the funds.

Tracy Lynn Reece Eiswert, an adult resident of 11380 SW 53rd Street, Webster, Florida 33597, was the spouse of the late Scott Walter Eiswert who died on May 16, 2008.  Tracy was the beneficiary of a $400,000.00 policy issued by SGLI purchased by Scott Walter Eiswert.  PI, through VGLI, paid the full benefit of the policy on February 26, 2009, plus interest on the value of the benefit amounting to approximately 1%  of the value of the benefit while the benefit remained under the possession and control of PI from May 16, 2008, to the date of payment of February 26, 2009.

3.       Prudential Insurance Company is a for profit corporation with its principal place of business in Newark, New Jersey, and it administers the SGLI VGLI and TSGLI Programs through the Office of Servicemembers Group Life Insurance ("OSGLI")  under the supervision of the Department of Veterans Affairs of the United States Government.   The address of OSGLI is 80 Livingston Avenue, Roseland, New Jersey 07066.

## II.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this dispute and over the parties pursuant to 28 U.S.C. §1332, Sections (a), (d) 5(B), and (d)(B)(6) because the number of members of the proposed plaintiff class is larger than 100, the claims of individual class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs, Named Plaintiffs Kevin and Joyce Lucey are citizens of Massachusetts, Named Plaintiff Tracy Lynn Reece Eiswert is a citizen of Florida and Defendants Prudential Insurance Company and OSGLI are citizens of New Jersey.

## III.

## STATEMENT OF FACTS

5.     On September 29, 1965, Public Law 89-214 was enacted which provided up to $10,000 group term life insurance to members on active duty in the uniformed services defined in the law as the Army, Navy, Air Force, Marine Corps, Coast Guard, Public Health Service, and NOAA (National Oceanic and Atmospheric Administration).

6.     Coverage was limited to persons on active duty and continued for 120 days following separation from service. On June 25, 1970, Public Law 91-291 increased the maximum amount of insurance to $15,000 and part-time coverage was extended to all Reservists, to members of the National Guard and ROTC members while engaged in authorized training duty. On June 20, 1972, cadets and midshipmen of the four service academies were included for full-time coverage.

7.      Effective May 24, 1974, Public Law 93-289 was passed which substantially liberalized and extended the Servicemembers' Group Life Insurance (SGLI) program and introduced a new program, Veterans' Group Life Insurance (VGLI). This law, the Veterans' Insurance Act of 1974, provided for the following:

      a.      The maximum amount of insurance was increased to $20,000.

      b.       Full-time coverage was extended to members of the Ready Reserves who are assigned to a unit that is scheduled each year to perform at least 12 periods of inactive duty training creditable for retirement purposes.

      c.      Retired Reservists who have completed 20 years of creditable service toward retirement were made eligible for coverage provided they have not received their first increment of retirement pay and have not yet reached 61 years of age.

      d.      It established a new insurance program known as VGLI.

8.      On October 17, 1981, Public Law 97-66 was enacted. This law increased to $35,000 the maximum amount of insurance available under the SGLI and VGLI programs, effective December 1, 1981.

9.      On December 3, 1985, Public Law 99-166 was enacted. The law increased to $50,000 the maximum amount of insurance available under the SGLI and VGLI programs, effective January 1, 1986. This law also extended VGLI coverage to members of the Individual Ready Reserve (IRR) and the Inactive National Guard (ING).

10.     On May 20, 1988, Public Law 100-322 was enacted. This law exempted the SGLI and VGLI programs from paying administrative fees and state taxes, effective July 1, 1988.

11.     On April 6, 1991, Public Law 102-25 was enacted. The law increased to $100,000 the maximum amount of insurance available under the SGLI and VGLI programs, effective April 6, 1991.

12.     On October 29, 1992, Public Law 102-568 was enacted. This law increased to $200,000 the maximum amount of insurance available under the SGLI and VGLI programs, effective December 1, 1992. Service members continued to be insured automatically for $100,000 coverage and could apply for an additional $100,000 of insurance. The law also made VGLI coverage renewable for life in five-year term periods, with a conversion option available at the end of each term period.

13.     On February 10, 1996, Public Law 104-106 was enacted. This law increased the automatic level of coverage from $100,000 to $200,000 for all Active Duty members and Ready Reservists, effective April 1, 1996.

14.     On October 9, 1996, Public Law 104-275 was enacted. This law merged the Retired Reserve SGLI Program into the VGLI Program and extended VGLI coverage to members of the Ready Reserves.  It allowed conversion of VGLI policies to commercial insurance at any time.  It also permitted the direct conversion of SGLI coverage to commercial life insurance upon separation.

15.     On November 11, 1998, Public Law 105-368 was enacted. This law authorized the payment of Accelerated Benefits in the SGLI and VGLI programs, effective February 9, 1999.  Accelerated Benefits allow terminally ill insureds access up to 50 percent of the face amount of their coverage during their lifetime.

16.     On November 1, 2000, Public Law 106-419 was enacted.  This law increased to $250,000 the maximum amount of insurance available under the SGLI and VGLI programs, effective April 1, 2001.

17.     On June 5, 2001, Public Law 107-14 was enacted. This law created the Family SGLI Program, which allows a service member's spouse and children to be covered under the SGLI program if the service member is on active duty or a member of the Ready Reserve of a uniformed service.  Maximum coverage is $100,000 for a spouse and $10,000 for each child.

18.     On May 11, 2005, Public Law 109-13 was enacted. This law increased to $400,000 the maximum amount of insurance available under the SGLI and VGLI programs, effective September 1, 2005.  It also changed the increments of coverage from $10,000 to $50,000.  The law also established Traumatic Injury protection insurance under the SGLI program, effective December 1, 2005. Insured Servicemembers are eligible to receive from $25,000 to a maximum of $100,000 after suffering a qualifying traumatic injury, depending on the severity of the injury.

19.     On September 30, 2005, Public Law 109-80 was enacted. This law made permanent the increase to $400,000 maximum coverage, which had been set to expire at the end of September 2005.

20.     On June 15, 2006, Public Law 109-233 was enacted. This law extended the free coverage period from one year to two years for covered service members who are totally disabled upon separation from service.

21.     On October 10, 2008, Public Law 110-389 was enacted.  Section 402 of this law provided coverage for stillborn children as insurable dependents under the Family SGLI program.  Section 403(a) of this law extended Family SGLI coverage to members of the Individual Ready Reserve (IRR), that is, reservists who volunteer for assignment to a mobilization category in the IRR, as defined in Section 1965(5) (c) of title 38.

22.     Traumatic Injury Protection (TSGLI) coverage became effective December 1, 2005.  It is automatic coverage for SGLI participants that provides for insurance payments to members who suffer a serious traumatic injury in service. The purpose of the program is to provide short-term financial assistance to traumatically injured service members so that their families can travel to be with them during an often extensive recovery and rehabilitation process.

23.     TSGLI payments range from $25,000 to a maximum of $100,000, depending on the type and severity of injury. Injuries covered include, but are not limited to: blindness, deafness, loss of limbs, traumatic brain injury, severe burns,

quadriplegia, hemiplegia, and paraplegia.  It does not cover injuries due to illness or willful misconduct.  TSGLI benefits are also payable retroactively to any member (whether insured under SGLI or not) who suffered a traumatic injury between October 7, 2001 and December 1, 2005 in Operation Enduring Freedom or Operation Iraqi Freedom.

24.     Veterans' Group Life Insurance (VGLI) provides group term insurance coverage, renewable for life, in amounts ranging from $10,000 to $400,000. This group term insurance is available to all veterans separated from active duty, usually at the end of their 120-day free SGLI coverage, but only for an amount equal to or less than the amount of their terminating SGLI.

25.     Since evidence of good health is not required within 120 days of separation, conversion to VGLI is a valuable right to a disabled veteran who might otherwise be required to pay an extra premium to obtain commercial insurance, or who might be uninsurable at any price. After the 120-day period following separation, members still have an additional year to apply but must meet good health requirements.  Insureds covered under this program also have the right to convert their coverage at any time to an individual life insurance policy at a standard rate from any company participating in the SGLI program.

26.     The SGLI, VGLI and TSGLI are administered by a commercial primary insurer, Prudential Insurance Company of America of Newark, New Jersey, and are supervised by the US Department of Veterans Affairs.

27.     The insurance is reinsured on a formula basis prescribed by the Secretary of

the US Department of Veterans Affairs with as many qualifying commercial

companies as elect to participate.  As of June 30,  2009,  twenty-five companies

were participating in the program as reinsurers and converters, and an additional

thirteen companies were participating only as converters.

28.     SGLI premiums for Active Duty service personnel, Ready Reservists, and

Reservists with part-time coverage are deducted from their pay and remitted by

each uniformed service to the US Department of Veterans Affairs, which in turn

remits them to the primary insurer.

29.     VGLI insureds must send their premiums to the Office of Servicemembers'

Group Life Insurance (OSGLI), 80 Livingston Avenue, Roseland, New Jersey

07068-1733.  Applications and information for such insurance may be obtained at

this address or by calling the toll free number 1-800-419-1473. They may also

contact any VA regional office or visit the VA insurance website at

insurance.va.gov.

30.     PI, through the Office of Servicemembers' Group Life Insurance

("OSGLI"), offers a variery of ways for beneficiaries of the policies to receive the

benefits and include the following:

    a.  The benefit is deposited into a Prudential Alliance Account in the

        name(s) of the beneficiary(ies), which is an interest-bearing account

        from which the beneficiaries can simply write checks at their discretion

(minimum amount $250.00) until the benefit is exhausted or, in the alternative,

    b.  The beneficiary can receive the benefit in 36 equal monthly installments with the first installment due as of the date of death.

31.    On information and belief, the interest PI has been paying the beneficiaries of SGLI, VGLI and TSGLI on amounts due as of the day of death or traumatic injury of the insured is approximately one per cent per year on the unpaid balance of the benefit.

32.    SGLI premiums for Active Duty service personnel, Ready Reservists, and Reservists with part time coverage are deducted from the pay of the insured and remitted by each uniformed service to the US Department of Veterans Affairs, which in turn remits to PI.

33.    VGLI insureds send their premiums to OSGLI at 80 Livingston Avenue, Roseland, New Jersey 07068-1733.

34.    PI, in turn, invests the capital available to pay the premiums and earns significantly greater amounts than the one per cent paid to the beneficiaries through the SGLI, VGLI, and TSGLI programs on monies that belong to the beneficiaries as of the date of death or traumatic injury of the insured.

35.    Plaintiffs and the Class  claim through this lawsuit the difference of what PI earned on their accrued benefit and what in fact PI paid them as interest.

36.    Plaintiffs and the Class maintain, on information and belief, that PI earns more than 5.69% interest on the monies which are due to the beneficiaries on the day of death or traumatic injury of the insured.

37.    For the year 2009 alone, the US Department of Veterans Affairs ("VA") reports that PI, as Administrator of the SGLI and VGLI programs, collected $982,811,925 in premiums, $213,241,777 in contributions from the various service branches, and $144,088,273 in investment income, and that it held reserves amounting to $2,529,652,423, indicating earnings exceeding $5.69% per year.  PI, in turn, paid to beneficiaries on the accrued claims only 1% interest on the accrued monies as of the day of death or traumatic injury of the insured.

38.    For the year 2009 alone, the VA reports that PI, as Administrator of the SGLI and VGLI programs, paid 1,125,569,521 in death claims for members and their families, and added $191,423,248 to PI's reserves.

## IV.

## CLASS ALLEGATIONS

39.    The Named Plaintiffs bring their claims as a class action on behalf of themselves and a class defined as follows:

> All persons who were/are beneficiaries of SGLI, VGLI and/or TSGLI benefits dating back to six years from the date of filing on this Complaint.

40.    The class members received approximately one per cent interest on the accrued value of the SGLI, VGLI and/or TSGLI benefits when in fact they should

have received the full amount earned by PI on the accrued amount or

approximately 5.69% of the amount.

41.    The Named Plaintiffs and the Class were/are beneficiaries of an insurance

contract, created by Public Law as a benefit to those willing to serve and die for

their country and deserve to receive the full amount to which they were entitled as

of the date the claim accrues.

42.    The number of persons in the class makes joiner of all members

impracticable.  The VA reports that, in 2009 alone, there were 2,371,000 members

covered by SGLI as well as 3,133,000 spouses and children and that PI paid, on

death claims under SGLI, $921,967,073.   VA reports that in 2009 alone there

were 432,000 insureds and that PI paid, through VGLI, death claims totaling $206,

602,448.  VA finally reports that PI paid $86,625,000 in 2009 under the TSDGLI

program.

41.    There are common questions of law and fact presented by the claims of the

Named Plaintiffs and the Class.  Courts have found that Congress intended to

create a right of action for beneficiaries of SGLI programs and by extension to

beneficiaries of VGLI and TSGLI programs.  Thus the sole questions of law in this

case are the following:

> a.  Do the Public Laws and its Amendments controlling SGLI, VGLI and
>
>     TSGLI, in addition to creating a right of action by beneficiaries of the
>
>     named programs, also create a right of action for these beneficiaries to

collect on profits generated by the accrued policies between the time of accrual upon the death or traumatic injury of the members and the time at which the full benefits are finally delivered to the beneficiaries?

b. Did PI violate the express and/ or implied contracts between the beneficiaries and PI by withholding earnings on the accrued value of the benefits between the time the benefits accrued and the time they were delivered to the beneficiaries?

c. Did PI have a fiduciary duty to the beneficiaries of SGLI, VGLI and TSGLI programs?

d. Did PI violate its fiduciary duty to the beneficiaries of SGLI, VGLI and TSGLI programs in that PI had a duty under federal common law which required that PI exercise a degree of care which an ordinary person would exercise under identical circumstances when PI failed to pay to beneficiaries the monies PI earned by investing their accrued benefits?

e. Did PI violate its obligations of good faith and fair dealing implied in all contracts with the government by federal law when it denied payment of earnings on monies that belonged to the beneficiaries?

42.   The claims of the Named Plaintiffs are **<u>identical</u>** to the claims of the Class differing only in the amount each class member was due to receive from PI while it held the accrued value of the benefit and invested it to generate funds either for

accumulation of the reserve of SGLI, VGLI and/or TSGLI programs or for PI's own general funds.

43.    The Named Plaintiffs will fairly and adequately represent the Class.  They have no conflicts of interest which would impede them from prosecuting the action on behalf of the Class and they have retained counsel experienced in prosecuting class actions and complex litigation.

43.    A class action will provide a superior method for the fair and efficient adjudication of the controversy for, inter alia, the following reasons:

    a.    Identical questions of fact and law predominate, as set forth above.

    b.    Neither the size of the Class nor the complexity of pertinent issues will render a class action difficult to manage, and a single class will be more efficient for all parties and the judicial system than would be cumbersome individual actions.

    c.    Separate trials for all plaintiffs would create a risk of disparate rulings of law.

    d.    PI is in possession of a complete list of members of the Class, the amounts received, when they received the same, and how much interest was paid to each, and thus the class is easily identifiable and easily accessible.

e.      The expenses involved in presenting trial testimony and completing

discovery on an individual basis threaten to make it impractical for

all actions to be resolved on an individual basis.

### V.

### STATEMENT OF DAMAGES

44.      Plaintiffs and the Class hereby incorporate paragraphs 1 through 43 as

though fully set forth herein.

45.     As a direct result of PI's conduct, Plaintiffs and the Class did not receive

from PI the full amount of what was due to them upon the death or traumatic

injury of the insured under the SGLI, VGLI and TSGLI insurance.


### COUNT I

### CONTRACT VIOLATIONS

46.     Plaintiffs and the Class hereby incorporate paragraphs 1 through 45 as

though fully set forth herein.

47.     PI violated the terms of the insurance express and/or implied contracts and

the intention of the US Congress in creating SGLI, VGLI and TSGLI by not

paying beneficiaries of SGLI, VGLI, and TSGLI the investment profits earned by

PI on the value of the accrued benefits between the time of accrual and the time at

which the full amounts of the policies were finally delivered to the beneficiaries.

48.     As a direct and proximate result of PI's actions and inaction, Plaintiffs and the Class have suffered an unjustified loss of monies.

## COUNT II

## <u>VIOLATIONS OF FIDUCIARY DUTY</u>

49.     Plaintiffs and the Class hereby incorporate paragraphs 1 through 48 as though fully set forth herein.

50.     PI had a fiduciary duty under federal common law to the beneficiaries of the SGLI, VGLI and TSGLI programs.

51.     PI violated its fiduciary duty to the beneficiaries of the SGLI, VGLI, and TSGLI contracts in that it failed to disclose to the beneficiaries that their accrued but yet-to-be undelivered funds would be invested by PI, and, in addition, it failed to deliver to the beneficiaries the entire profits generated by PI from those investments.

## COUNT III

## <u>BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING</u>

52.     Plaintiffs and the Class hereby incorporate paragraphs 1 through 51 as though fully set forth herein.

53.     The obligation of good faith and fair dealing is implied in every contract governed by federal law.

54.     The SGLI, VGLI, and TSGLI programs are contracts governed by federal law.

55.     PI violated its obligations of good faith and fair dealing when it failed to disclose to the beneficiaries that their accrued but yet-to-be undelivered funds would be invested by PI, and, in addition, it failed to deliver to the beneficiaries the entire profits generated by PI from those investments.

## DEMAND FOR JURY TRIAL

56.   Plaintiffs demand trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand judgment against defendants, PI, as follows:

   a.     Compensatory amounts due to the Named Plaintiffs and the Class for all investment earnings or interest generated by monies accrued from the SGLI, VGLI, and TSGLI policies purchased by the insured for the benefit of the beneficiaries and, in the case of TSGLI, for their own benefit from the time of accrual to the time the full benefits were paid to the beneficiaries or the insured.

   b.     Creation of a Constructive Trust to satisfy the claims of Named Plaintiffs and the Class.

   c.     Payment of attorney's fees and costs.

   c.     Such other relief as the Court deems just and proper under the

18

circumstances.

Dated: July 29, 2010

Respectfully submitted
By Attorneys for Plaintiffs and the Class

/s/ Cristobal Bonifaz
_____
Cristobal Bonifaz (Bar No. 548405)
John Bonifaz (Bar No. 562478)
LAW OFFICES OF CRISTOBAL BONIFAZ
180 Maple Street
P.O. Box 180
Conway, Massachusetts 01341
Tel. 413-369-4263
Fax 413-369-0076
Electronic Mail: cbonifaz@comcast.net