IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re Prudential Insurance Company of America SGLI/VGLI Contract Litigation,* | **CLASS ACTION**<br><br>Master Case No. 3:11-md-02208-MAP<br><br>[consolidated cases 3:10-CV-30163-MAP, D. N.J. Case No. 2:10-05735, D. N.J. Case No. 2:10-06077, D. N.J. Case No. 2:10-06835] |



[~~PROPOSED~~] PRETRIAL ORDER NO. 1

Plaintiffs in these consolidated actions have agreed to a management structure to promote the efficient prosecution of these actions and filed a Motion For Appointment Of Interim Co-Lead Class Cousnel And Entry Of Pretrial Order. Defendants have not opposed that motion. Good cause appearing therefore, IT IS HEREBY ORDERED THAT:

1.  Michael von Loewenfeldt, Kerr & Wagstaffe LLP, Christopher M. Burke, Scott+Scott LLP, and Daniel D. King, The Daniel D. King Law Firm, PLLC, are appointed as Interim Co-Lead Class Counsel pursuant to Rule 23(g)(1) of the Federal Rules of Civil Procedure.

2.  Interim Co-Lead Class Counsel shall have the following powers and duties:

    a) have sole authority to communicate with defendants' counsel and the Court on behalf of all plaintiffs, unless that authority is expressly delegated to other counsel. Communication by defendants' counsel with any member of the Management Committee or its express delegate shall be deemed communication with all members of the Management Committee. Any matters not served through the ecf system in these consolidated actions may be served by sending

1

them to Kerr & Wagstaffe LLP, which shall act as liaison counsel to distribute such materials to the other plaintiffs counsel. To the extent such communications or service can be conducted by email, they can be sent to sgliplaintiffs@kerrwagstaffe.com.

b) negotiate and enter stipulations with defense counsel with respect to all matters in this litigation, including discovery, motion practice and settlement matters. At an appropriate time, they shall meet and confer with defense counsel on informal merits and class discovery with the goal of rapidly and efficiently providing all parties with a more complete understanding of the matters at issue. An agreement reached with the Interim Co-Lead Class Counsel shall be binding on all other plaintiffs' counsel in these consolidated actions;

c) have sole authority to establish subcommittees for the purposes of allocating work as necessary for the orderly and efficient prosecution of the action and avoidance of duplicative and unproductive efforts. Subcommittees may be established to: consult and advise on strategy; coordinate fact and expert discovery, and coordinate briefing dispositive motions and the motion for class certification;

d) have sole authority over the following matters on behalf of all plaintiffs: (i) the initiation, response, scheduling, briefing and arguing of all motions; (ii) the scope, order and conduct of all discovery proceedings; (iii) the allocation of work assignments to the subcommittees and other plaintiffs' counsel as they may deem appropriate; (iv) the designation of which attorneys may appear at hearings; (v) the initiation, timing or substance of any settlement negotiation with any defendant; (vi) the initiation, timing or substance of any settlement agreement

   entered into with any defendant; and (vii) any other matters concerning the prosecution of the cases;

e) sign all pleadings, motions, briefs, discovery requests or objections or notices on behalf of all plaintiffs and represent plaintiffs collectively before the Court, either personally or through counsel whom they designate;

f) be responsible for coordinating the activities of plaintiffs and their counsel, including any subcommittees established under (d) during pretrial proceedings, and monitor the activities of co-counsel and the subcommittees to ensure that schedules are met and unnecessary expenditure of time and expenses are avoided; and

g) all plaintiffs' counsel shall keep contemporaneous time and expense records and shall submit the records monthly to the Interim Co-Lead Class Counsel, no later than the fifteenth of every month following the reporting month. No attorney fee award shall be made for time and expenses unless reports are timely filed with the Interim Co-Lead Class Counsel. Similarly, no attorney fee award will be made for time or expenses not authorized by the Interim Co-Lead Class Counsel or for time and expenses incurred in the review of briefs or other written material unless such review is necessary for the performance of substantive work in the litigation.

3. This Order shall apply to any new case that arises out of the subject matter of the consolidated actions and that is filed in this Court, or transferred to this Court, unless a party in such newly-filed or transferred action objects to any provision of this Order within ten (10) days of its counsel being added to the electronic service list for this consolidated proceeding, or of the date upon which a copy of this Order is served on counsel for such party, whichever is earlier.

Such objection shall be made by filing an application for relief, and relief from this Order shall be granted only if the Court deems it appropriate to grant such application.

4. Cooperation by and among counsel is essential for the orderly and efficient resolution of this litigation. The communication of information among plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorneys' work product, and shall not be used against any plaintiff by any defendant, except as otherwise expressly provided by law. Nothing contained in this Order shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or the attorney work product doctrine.

IT IS SO ORDERED:

Dated: March 21, 2011

*/s/ Michael A. Ponsor*

HON. MICHAEL A. PONSOR

United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and e-mail copies will be sent to all counsel of record in *Lucey, et al. v. Prudential Insurance Company of America*, D. Mass. Case No. 3:10-30163; *Phillips, et al. v. Prudential Insurance Company of America, et al.*, D. N.J. Case No. 2:10-05735; *Witt, et al. v. Prudential Insurance Company of America, et al.*, D. N.J. Case No. 2:10-06077; and *Garrett v. Prudential Insurance Company of America, et al.*, D. N.J. Case No. 2:10-06835 on March 11, 2011.

Dated: March 11, 2011

/s/ Michael von Loewenfeldt
Michael von Loewenfeldt (*pro hac vice*)
Jacqueline Scott Corley (MA Bar No. 560435)
Daniel A. Zaheer (*pro hac vice*)
**KERR & WAGSTAFFE LLP**
100 Spear Street, 18th Floor
San Francisco, CA 94105-1528
Tel: 415/371-8500
415/371-0500 (fax)